# In the United States Court of Federal Claims

No. 21-2028

(Filed: December 13, 2021)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| DONTE ANTOINNE MOSS, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |
|  | ) |

Donte Atoinne Moss, *pro se*, Pittsburgh, Pennsylvania.

Matthew Roche, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Brian M. Boynton, Acting Assistant Attorney General, Civil Division, and Martin F. Hockey, Jr., Acting Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

Plaintiff, Donte Antoinne Moss, brings suit against the Commonwealth of Pennsylvania for wrongful conversion of a trust in his name, resulting in a Fifth Amendment taking of private property; he also raises claims of invasion of privacy, false imprisonment, and unlawful arrest. *See* Compl. at 1, ECF No. 1.[1] Pending before the court is defendant's ("the government"), motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. *See* Def.'s Mot. for Summ. Dismissal ("Def.'s Mot."), ECF No. 11.

---

[1] Plaintiff's complaint includes a list of additional bases for his claim against Pennsylvania: fiduciary misconduct by nonfeasance and failure to perform, breach of trust, failure to disclose records and distribute trust res upon beneficiary instructions after grantor trust termination, lack of standing, fraud in the concealment, fraud in the inducement, fraud in the intent, fraudulent cohesion, fraudulent conversion, intentional inflict of emotional distress, quiet title, false imprisonment, unlawful arrest, conspiracy against rights, deprivation of rights under color of law, infringement of copyright, obstruction of justice, and violation of oath of office. Compl. at 3.

After receiving plaintiff's opposition ("Pl.'s Opp'n."), ECF No. 15, the matter is ready for disposition. For the following reasons, the government's motion is GRANTED.

The government asserts that Mr. Moss's complaint "does not articulate a claim within this [c]ourt's jurisdiction." Def.'s Mot. at 1. Defendant indicates that plaintiff's claim fails to "assert a claim against the United States," and instead names "the Commonwealth of Pennsylvania Courts of Common Pleas" as the alleged malefactor. *Id.* (citing Compl. at 1). For these reasons, the government avers that the court "lacks jurisdiction to consider Mr. Moss's complaint." *Id.* In opposition, Mr. Moss argues that the several bases alleged in his complaint, *see supra* note 1, suffice to state a claim upon which relief can be granted. Pl.'s Opp'n. At 1. He avers that the purportedly converted trust has served as "an agency/vessel of the United States." *Id.* at 3. Finally, Mr. Moss provides factual allegations to explain the context of his present complaint, such as explaining his position that the Pennsylvania Courts of Common Pleas fraudulently opened the trust in his name. *Id.* at 4-12.

The court has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Because § 1491(a)(1) does not create an independent cause of action, a "plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages *against the United States*." *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (emphasis added). Mr. Moss's claims are against the Commonwealth of Pennsylvania, specifically the Courts of Common Pleas. The court may not hear claims against state actors. The court therefore dismisses Mr. Moss's complaint for lack of subject-matter jurisdiction.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge